[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of a written contract between the plaintiff, James R. Uffelman, and the defendants, Upsteam Associates, Inc. (Upstream) and Bradley Carlson (Carlson), for the construction of the plaintiff's residence at 110 Mountain Road, Redding, Connecticut. The plaintiff commenced this action against the defendants by writ, summons and complaint dated July 26, 2000. On December 26, 2000, the plaintiff filed a six count second revised complaint alleging breach of contract (count one); conversion (count two); an action for accounting (count three); theft pursuant to General Statutes § 52-564 (count four); violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110 et seq. (CUTPA) (count five); and negligent misrepresentation (count six). On January 3, 2001, the defendants filed a motion to strike count five of the plaintiff's second revised complaint. The plaintiff has filed an objection to the defendants' motion and a memorandum in support thereof.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357
(1996).
The defendants move to strike count five of the plaintiff's second revised complaint on the ground the plaintiff has not sufficiently alleged a violation of CUTPA. Specifically, the defendants argue that a CUTPA action cannot be premised on a simple breach of contract claim, which they assert, is all that the plaintiff has alleged in count five. Alternatively, the defendants argue that count five should be stricken because it fails to allege conduct that offends public policy or conduct that is unfair or deceptive. The plaintiff contends that count five sets forth a legally sufficient cause of action under CUTPA.
General Statutes § 42-110b (a) provides that "[n]o person shall CT Page 6013 engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "It is well settled that in determining whether a practice violates CUTPA [the Connecticut Supreme Court has] adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Hartford Electric Supply Co.v. Allen-Bradley Co., 250 Conn. 334, 367-68, 736 A.2d 824 (1999).
"A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act. . . . Moreover, [a] simple contract breach is not sufficient to establish a violation of CUTPA . . . where a count simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." (Citations omitted; internal quotation marks omitted.) Derrig v. Thomas Regional DirectoryCo., Superior Court, judicial district of Hartford at Hartford, Docket No. 583548 (June 22, 1999, Peck, J.).
It is also true, however, that "the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation. . . ." Lester v. Resort Camplands International, Inc.,27 Conn. App. 59, 71, 605 A.2d 550 (1992). "Where the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach of contract that may bring the case within the cigarette rule, the CUTPA claim may withstand a motion [to strike]." (Internal quotation marks omitted.) Hendriks Associates v. OldLyme Marina, Superior Court, judicial district of New London at New London, Docket No. 546496 (November 22, 2000, Martin, J.); Benvenuti OilCo. v. Foss Consultants, Inc., Superior Court, judicial district of New London at New London, Docket No. 542755 (April 6, 1999, Mihalakos, J.).
In the present case, the plaintiff's CUTPA claim incorporates by reference the allegations of the breach of contract claim in count one and the conversion claim in count two. Paragraph twenty-six of count five CT Page 6014 further alleges that the defendant Upstream's conduct in billing and accepting payments for overcharges, and refusing to reimburse Uffelman for overcharges, constitutes unfair or deceptive acts or practices in the conduct of trade or commerce in violation of CUTPA. (Plaintiff's Second Revised Complaint, Count 5, ¶ 26.) The plaintiff fails to allege anysubstantial aggravating circumstances attending the defendant Uffelman's alleged breach of contract which would bring the alleged breach within the purview of CUTPA. (Emphasis added.) Presence Studios Westport v.Freelife International, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360617 (July 14, 2000, Melville, J.); Plotkin v.Barot, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346547 (June 15, 1999, Skolnick, J.). Therefore, count five fails to allege a legally sufficient claim under CUTPA. Accordingly, the defendants' motion to strike count five of the plaintiff's second revised complaint is hereby granted.
White, J.